**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHNATHAN MCFARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00554-CDP |
| ) | |
| ST. LOUIS COUNTY FAMILY ) | |
| COURT DIVISION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Johnathan McFarland for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who has filed a civil action naming the St. Louis County Family Court Division as defendant. He asserts that the Court has federal question jurisdiction based on "MRCP 74.06," which is an apparent reference to the Missouri Rules of Civil Procedure.[1] (Docket No. 1 at 3). Plaintiff also states that his "character has been defamed resulting in loss and duress."

---

[1] Rule 74.06 provides for "Relief From Judgment or Order" in the instance of clerical mistakes, excusable neglect, fraud, an irregular judgment, a void judgment, or a satisfied judgment.

2

In his "Statement of Claim," plaintiff asserts that on December 5, 2019, the "St. Louis County Family Courts decided on [his] case in direct disregard for their own Local Court Rules, [canons] and ethics."[2] (Docket No. 1 at 5). Plaintiff alleges "prejudice in this case because evidence from both parties was submitted that contradicted each other," and the "winning party's evidence did not meet Local Court Rules." He further states that:

> Family Court needs to adjust. Federal Court, the place in which this case is brought forth, has made itself pro se friendly. Nothing is more important than matters that effect children and their well-being and Family Courts need to be made more easily objectionable, extend time for appeals, and be able to examine itself and those who are about to have their whole lives shifted by the stroke of a pen. The courts failed to examine submitted evidence, accepted fiction as fact, and defamed [his] character by accepting the harm caused by another man as harm caused by [him]. They failed to accept [his] pleas of [him] being the victim of abuse, and they failed to consider what was at stake.

Attached to the complaint is an exhibit in which plaintiff attempts to "explain who [he is]." (Docket No. 1-1). Included in this exhibit are photographs of plaintiff's minor children.

As a result of the state court judgment, plaintiff states that he has suffered "[f]inancial loss, stress, recursion of [syncope], [and] loss of family time." He also asserts that his "children [have] suffered needlessly." Plaintiff asks the Court for custody of his children, for the state court order to be reversed, and for "penalties and damages." He further seeks to have Katie Gore, his wife, get court mandated therapy, and "to leave the premises."

Subsequent to the filing of his complaint, plaintiff submitted five separate memoranda in which he adds details to his "Statement of Claim." In the first, plaintiff accuses Katie Gore of lying

---

[2] Plaintiff does not provide a docket number for the case he is challenging. However, after reviewing Case.net, Missouri's online case management system, the Court has determined that plaintiff is referring to *Gore v. McFarland*, No. 19SL-PN05574 (21st Jud. Cir., St. Louis County). On December 5, 2019 – the date referenced by plaintiff in the "Statement of Claim" – a full order of protection was granted against plaintiff and in favor of petitioner Katie Gore. The Court takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

3

in court. (Docket No. 4; Docket No. 4-1). He also provides additional biographical details about himself.

In the second memorandum, plaintiff alleges that "[s]exism was rampant in the judge's decision," and that even though racism did not play "a primary role," he believes "it would be foolish" for him "not to consider it." (Docket No. 5). Plaintiff further suggests that "[t]he Judge's ruling also messed up [his] wife's life," because it did not show "her that there are consequences to her actions."

In the third memorandum, plaintiff complains about his time in a court-ordered batterer intervention program. (Docket No. 6). He also asserts that his wife's family "are practiced liars" but that he "respect[s] their humanity anyway."

In the fourth memorandum, plaintiff states that he wants what is in his children's best interests. (Docket No 7). He makes further accusations against his wife and her family, and then asserts his "belief that the court looked at [his] race and [his] sex to make a judgment and cared nothing at all about the facts."

Finally, in the fifth memorandum, plaintiff again accuses his wife of lying, cheating, and manipulating to get her way, and faults the state court for finding him "guilty" without proof. (Docket No. 8). Attached to this memorandum are various documents, pictures, and hyperlinks that plaintiff contends is "evidence" in support of his claim.

**Discussion**

Plaintiff is a self-represented litigant who has brought this civil action against the St. Louis County Family Court Division, seeking to reverse an order entered against him. Because he is proceeding in forma pauperis, the Court has reviewed his complaint pursuant to 28 U.S.C. § 1915.

4

Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject

matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In this case, plaintiff specifically asserts that the Court has federal question jurisdiction based on "MRCP 74.06" and the defamation of his character. (Docket No. 1 at 3). Plaintiff's reliance on MRCP 74.06, however, is misplaced, as this section of the Missouri Rules of Civil Procedure is a state court rule that is applicable to Missouri state courts. It does not govern federal courts and has no basis in federal law or procedure. As such, it does not provide federal question jurisdiction. Likewise, plaintiff's allegation that his "character has been defamed" encompasses a state law tort, not a violation of federal law.

Review of plaintiff's complaint and supplemental memoranda provides no other source of federal question jurisdiction. Plaintiff does not identify any federal statutes, treaties, or constitutional provisions as being at issue. Furthermore, he does not allege the violation of any federal law or the infringement of any constitutional right. Plaintiff's suit is also not against the federal government, a federal official, or a federal agency.

The Court notes that 42 U.S.C. § 1983 provides a basis for federal question jurisdiction. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (stating that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." To state a claim under § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).

Here, plaintiff has not presented allegations sufficient to support a 42 U.S.C. § 1983 claim. Though he mentions in his supporting memoranda his belief that racism and sexism played a role in his state case, he does not present any factual allegations supporting those beliefs, or provide any indication as to how those elements violated his constitutional rights. In addition, the only

defendant in this case is a state court, which is not vulnerable to § 1983 actions because they are protected by Eleventh Amendment immunity. *See Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Because he has not established a § 1983 claim, § 1983 cannot be used to support federal question jurisdiction.

For the reasons discussed above, plaintiff has not carried his burden of demonstrating that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that

the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has not requested any damages in the complaint, much less an amount over the jurisdictional threshold of $75,000. Rather, plaintiff explains that "there's no price you can put on a family," and asks the Court to reverse the state court's judgment, drop the protection order, and give him custody of his children. In a later memorandum, plaintiff mentions suing the state court for $500,000, but at no point does he directly state that he is seeking that amount in damages.

Regardless of jurisdictional amount, plaintiff has not demonstrated diversity among the parties. From the complaint, it is apparent that plaintiff is a citizen of Missouri. Obviously, he shares that citizenship with the St. Louis County Family Court Division. Since plaintiff has the same citizenship as the sole defendant in this case, diversity jurisdiction does not exist.

In addition to that, plaintiff cannot establish diversity jurisdiction because his case falls within the domestic relations exception to federal jurisdiction. The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Furthermore, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. *Id*.

Plaintiff's allegations, such as they are, concern domestic relations matters. Specifically, he is suing a state court for issuing a protection order against him, with one of the major issues of that order being the fact that plaintiff's wife received custody of their children. This is a matter that falls squarely within state law.

9

For the reasons discussed above, plaintiff has not carried his burden of demonstrating that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

### D. *Rooker-Feldman*

As discussed above, plaintiff has not established that this Court has federal subject matter jurisdiction over his case. Specifically, he has failed to raise a federal question or show that there is diversity between the parties. The Court notes that there is also a lack of jurisdiction based on the *Rooker-Feldman* doctrine.

The *Rooker-Feldman*[3] doctrine prevents federal district courts from exercising subject matter jurisdiction over actions seeking review of, or relief from, judgments in state court. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283-84 (2005). Specifically, the Supreme Court has explained that federal district courts are empowered to exercise original jurisdiction, but not appellate jurisdiction. *Id*. at 283. The plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court, and their federal complaints essentially invited the district court "to review and reverse unfavorable state-court judgments." *Id*. The Supreme Court declared such suits "out of bounds" and "properly dismissed for want of subject-matter jurisdiction." *Id*. at 284.

"The *Rooker-Feldman* doctrine is applied to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n*, 546 F.3d 533, 539 (8th Cir. 2008). The doctrine, however, is of a limited scope and does not bar jurisdiction over actions that allege independent claims that arise from conduct in underlying state proceedings. *Hageman v. Barton*, 817 F.3d 611,

---

[3] The name of this doctrine is derived from two Supreme Court cases. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

10

614 (8th Cir. 2016). In other words, *Rooker-Feldman* does not apply in a case that raises independent issues. *See Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008).

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Id*. (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). "The boundaries for application of the doctrine depend upon the nature of the federal claims and whether the plaintiff in federal court, in fact, seeks relief from the state court judgment." *Hageman*, 817 F.3d at 611.

In this case, plaintiff is very clearly contesting a state court decision granting his wife a protection order against him. This protection order gives his wife custody of their children and possession of their home. Plaintiff contends that the state court judge wrongly decided the case by relying on evidence that did not comport with local rules, and further suggests that the evidence he presented was ignored. When directed in the form complaint to describe the relief he seeks, plaintiff explicitly asks for the state court's order to be reversed and for the protection order to be dropped. He further seeks custody of his children.

In short, plaintiff is asserting a legal wrong from an allegedly erroneous state court decision, and seeks relief from that judgment. This purported legal wrong occurred before commencing the instant action, and invites the Court to review and reject the state court's decision. While plaintiff also claims wrongdoing by his wife and family, they are not named as defendants. Moreover, the relief he seeks is not based on their actions, but on the actions of the state court in issuing a protection order against him. Ultimately, plaintiff is asking the Court to act as an appellate court. The Court does not have jurisdiction to entertain such a case. Therefore, for this reason – as well as those discussed above – this action must be dismissed for lack of subject matter jurisdiction.

11

E. **Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of September, 2021.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE