UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNATHAN MCFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-554-CDP |
| | ) | |
| ST. LOUIS COUNTY FAMILY COURT DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to reopen this matter. (ECF Nos. 11, 12). The Court dismissed this action on September 28, 2021—more than 30 months ago—for lack of subject matter jurisdiction. (ECF No. 10). Plaintiff seeks to reopen the case now that he has "undergone much physical healing and therapy[.]" (ECF No. 12). For the reasons discussed below, the Court will deny the motion.

Plaintiff does not cite a particular legal standard or rule for the relief sought. Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to "relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). Rule 60(b) is not intended to be a vehicle for presentation of merit-based arguments previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). First, the motion is untimely. *See Lam v. Finn, et al.*, No. 1:19-cv-111-JAR (E.D. Mo. Sept. 20, 2022) (finding that plaintiff's motion to reopen, which plaintiff filed more than two years after dismissal, was untimely); *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Second, the motion relies on similar arguments set forth in movant's original petition, which the Court has already addressed. *See Broadway*, 193 F.3d at 990 (stating that Rule 60(b) is not a vehicle for re-argument on the merits). Third, plaintiff does not identify any mistake, newly discovered evidence, fraud, or other reason justifying such relief. For these reasons, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen is **DENIED**. (ECF No. 11).

                                                                                                           CATHERINE D. PERRY
                                                                                                           UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2024.