**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHNATHAN MCFARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00554-CDP |
| ) | |
| ST. LOUIS COUNTY FAMILY COURT ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Johnathan McFarland's motion to reopen this previously closed matter. (ECF No. 14). Plaintiff asserts that he can now establish the Court's jurisdiction based on newly discovered evidence and newly identified defendants. The Court construes the motion as a request for relief under Federal Rule of Civil Procedure 60(b)(2), which allows relief from a final judgment based on newly discovered evidence. For the reasons set forth below, the Court will deny the motion.

Plaintiff filed this action on May 11, 2021, alleging that the St. Louis County Family Court improperly issued a protective order against him in connection with a child custody dispute. (ECF No. 1). Among other forms of relief, he sought reversal of the state court judgment and custody of his children. On September 28, 2021, the Court dismissed this action for lack of subject matter jurisdiction. (ECF No. 9). Specifically, the Court found that Plaintiff failed to assert a federal claim and did not establish diversity of citizenship. The Court further explained that the *Rooker-Feldman* doctrine barred it from reviewing or granting relief from a final state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

In the present motion, Plaintiff states only that he has "new defendants" and "more evidence." (ECF No. 14). He does not explain how these developments cure the jurisdictional defects identified in the Court's prior order. The addition of new defendants does not, in itself, confer subject matter jurisdiction. Plaintiff must still allege either a valid federal claim under 28 U.S.C. § 1331 or complete diversity of citizenship under 28 U.S.C. § 1332. He has done neither.

Moreover, to the extent Plaintiff continues to seek review of the state court's protective order or custody determination, the relief sought remains barred by the *Rooker-Feldman* doctrine. The inclusion of new defendants and newly discovered evidence does not alter the fundamental nature of the case. Federal district courts are not appellate tribunals for state court judgments. Additionally, the domestic relations exception to federal jurisdiction bars federal courts from issuing or modifying child custody or visitation orders. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Because Plaintiff has not shown that the new evidence or parties cure the previously identified jurisdictional defects, relief under Rule 60(b) is unavailable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen (ECF No. 14) is **DENIED**.

Dated this 28th day of May, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE